UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION | * * * * MDL No. 1:17-md-2768-IT * |
| BROOK STOKES, ET AL., Plaintiffs, v. HOWMEDICA OSTEONICS CORP., Defendant. | * * This Document Relates To: * 1:24-cv-12793 * * * * * * * * |

**MEMORANDUM AND ORDER**

May 28, 2025

TALWANI, D.J.

Pending before the court is Defendant Howmedica Osteonics Corp.'s Motion to Dismiss Plaintiffs' [Brook and Misty Stokes] Complaint for Failure to Comply with CMO #6 and CMO #7 [Doc. No. 5]. As set forth below, the motion is GRANTED, without prejudice to Plaintiffs initiating an action with new counsel.

I.    Plaintiffs' Discovery Obligations

On August 8, 2017, the court issued Case Management Order No. 1 ("CMO #1") [Doc. No. 216].[1] Pursuant to ¶ 5.c.i of CMO #1, each Plaintiff is required to complete and serve the Case Questionnaire ("CQ"), a copy of which is attached as Exhibit A to CMO #1 [Doc. No. 216]. The CQ for each Plaintiff was originally due by the later of thirty days of entry of CMO #1, the direct filing of a case in the MDL, or the transfer of a complaint to the MDL. CMO #1 ¶ 5.c.i. On

---

[1] Unless otherwise specified, all document citations in Part I are to the master docket, 17-md-2768-IT.

1

November 13, 2017, the court issued the Fact Sheet Implementation Order [Doc. No. 479]. Pursuant to that order, each Plaintiff is required to complete, verify, and serve the Plaintiff Fact Sheet ("PFS") attached as Exhibit A to the Fact Sheet Implementation Order [Doc. No. 479-1]. Paragraph II.1 of the Fact Sheet Implementation Order [Doc. No. 479] specifically provided that responses "shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and as responses to requests for production pursuant to Fed. R. Civ. P. 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37." The PFS was originally due for each Plaintiff within the later of sixty days of entry of the Fact Sheet Implementation Order, the direct filing of a case in the MDL, or the transfer of a complaint to the MDL. Fact Sheet Implementation Order ¶ III.2.a.ii [Doc. No. 479].

On November 2, 2018, the court entered an Order Aiding Private Settlement [Doc. No. 889] that, inter alia, stayed discovery in the case until July 31, 2019. On November 5, 2019, the court issued Case Management Order No. 6 ("CMO #6") which reimposed the general discovery stay except as to certain information needed from individual plaintiffs. CMO #6 ¶ 1 [Doc. No. 1030]. As to that necessary information, the court reiterated the CQ requirements and ordered further that:

> For each case that has not otherwise been resolved or dismissed from this docket as of the date of this Order, Plaintiff's counsel of record *shall execute a Case Questionnaire Certification attached hereto as Exhibit 1,* and shall serve the Case Questionnaire Certification *along with Plaintiff's completed Case Questionnaire (including required documentation)* via Plaintiffs' Co-Lead Counsel's secure document repository (https://www.hocv40.com) **within thirty (30) days** of this Order, or within thirty (30) days of the direct filing of a case in, or the transfer of a complaint to, this MDL (whichever is later). Plaintiffs' Co-Lead Counsel shall then promptly coordinate service on Defendant.

Id. ¶ 2 (emphasis in original). The Case Questionnaire Certification requires counsel of record to certify as follows:

> After diligent and reasonable inquiry by me, I . . . represent, declare and certify that to the best of my knowledge, information and belief, all of the information provided in this Case Questionnaire is true, correct and complete. I further acknowledge my

2

>ongoing duty to supplement this Case Questionnaire in accordance with the court's prior orders to provide complete, correct, and/or additional information within 30 days of becoming aware of such information.

CMO #6, Exh. 1 [Doc. No. 1030-1].

CMO #6 similarly reiterated the prior requirements for the PFS, and ordered further that:

>For each case that has not otherwise been resolved or dismissed from this docket as of the date of this Order, Plaintiff's counsel of record *shall execute a PFS Certification attached hereto as Exhibit 2*, and shall serve the PFS Certification along with Plaintiff's completed PFS (including required documentation, in the form previously approved in the Fact Sheet Implementation Order) **within forty-five (45) days** of this Order, or within forty-five (45) days of the direct filing of a case in, or the transfer of a complaint to, this MDL (whichever is later).

CMO #6 ¶ 3 [Doc. No. 1030]. The PFS Certification required counsel of record to certify as follows:

>After diligent and reasonable inquiry by me, I . . . represent, declare and certify that to the best of my knowledge, information and belief, all of the information provided in this Plaintiff Fact Sheet is true, correct and complete. I further acknowledge my ongoing duty to supplement this Plaintiff Fact Sheet in accordance with the court's prior orders to provide complete, correct, and/or additional information within 30 days of becoming aware of such information.

CMO #6, Exh. 2 [Doc. No. 1030-2].

CMO #6 also set forth potential consequences for failing to comply with these requirements:

>In the event that a Plaintiff does not provide a fully completed Case Questionnaire or PFS, or counsel fails to provide a signed Case Questionnaire Certification or signed PFS Certification by the above noted deadlines, and the deficiency is not cured within fifteen (15) days of notice of the deficiency by Defendant, Plaintiff's action may be dismissed pursuant to Fed. R. Civ. P. 41 for failure to prosecute. The court notes that failure to serve a fully completed Case Questionnaire accompanied by a signed Case Questionnaire Certification or failure to serve a fully completed PFS accompanied by a signed PFS Certification shall be deemed a failure to timely serve for purposes of this provision.

CMO #6 ¶ 4 [Doc. No. 1030]. (emphasis added).

Finally, CMO # 6 reiterated counsel's "ongoing obligations" as follows:

>With regard to each complaint pending in this MDL, or filed or transferred to this MDL in the future, and each certification required by this Order, the court reminds

3

> Plaintiff's counsel of record of the ongoing "reasonable inquiry" obligations set forth in Fed. R. Civ. P. 11(b) and the duties to disclose or supplement under Fed. R. Civ. P. 26(e)(1). If the court determines that either of these rules has been violated, the court may impose an appropriate sanction under Fed. R. Civ. P. 11 or Fed. R. Civ. P. 37 on any attorney or law firm that violated the rule or is responsible for the violations.

Id. ¶ 6.

On August 3, 2020, the court issued Case Management Order No. 7 ("CMO #7") which stated, in relevant part, that "Plaintiffs' counsel are reminded of their obligation to comply with all general court orders filed in the master MDL file" and underscores that Plaintiffs' counsel are under an obligation to "remain informed as to discovery orders and pending motions, to maintain client addresses and other contact information, and to ensure their clients' timely obligations to comply with discovery obligations." CMO #7 at 1-2 [Doc. No. 1246]. CMO #7 further stated that "[v]iolations of these discovery obligations are subject to all sanctions available under Federal Rules of Civil Procedure 37(b) (failure to comply with discovery orders) and 37(d) (party's failure to serve answers to interrogatories or respond to request for production). These include dismissal of the action and payment by the party and/or the attorney advising the party of Defendant's reasonable expenses, including attorney's fees, caused by the violation." Id. at 2 (emphasis omitted).

## II. Defendant's Motion to Dismiss

### A. Defendant's Moving Papers and the Court's Order to Show Cause

Defendant's Motion to Dismiss states that "despite notice and a period to cure, Plaintiffs have not served a [CQ], *and* [PFS] as required by CMOs #6 and #7." Mot. to Dismiss at 1 [Doc. No. 5]. Defendant argues that based on these failures, dismissal of Plaintiffs' suit is appropriate. Id.

### B. Plaintiff Brook Stokes' Opposition

On March 12, 2025, Attorney Noah McCathern filed an Opposition on behalf of Plaintiffs acknowledging Plaintiff Brook Stokes' failure to timely serve the CQ and PFS and stating that this

4

failure was due to "the inadvertence and mistake of Plaintiff's counsel." See Opp. ¶ 4 [Doc. No. 9]. The Opposition stated that Plaintiffs' counsel had worked with Plaintiff Brook Stokes to compile the information needed to complete the CQ and PFS and that these had been served on Defendant on the same day (March 18). See id. The Opposition provided no specific explanation for counsel's mistake but argued that dismissal is too severe a sanction. See id. ¶ 5.

          C.   Defendant's Reply and Plaintiff's Surreply

In reply, Defendant detailed several inaccuracies in Plaintiff Brook Stokes' late-submitted CQ and PFS. See Reply at 4-5 [Doc. No. 13]. The alleged deficiencies included, inter alia, failures to disclose or identify: (1) a left knee ACL repair, right knee MCL repair, and bilateral shoulder arthroscopies; (2) a copy of a revision surgery operative report; (3) potential fact witnesses; (4) treatment information and supporting documentation for six of his seven alleged injuries or illnesses; (5) that Plaintiff smoked for approximately 25 years and quit in approximately 2007; and (6) the amount of alleged medical expenses. See id. at 5-7.

Plaintiff subsequently filed a Surreply in which he stated, inter alia: (1) that he did not understand that his ACL surgery, which occurred approximately 40 years ago, was responsive; (2) that he has never had a total knee replacement and that any medical records stating as much are inaccurate; (3) that Plaintiff had, since the filing of Defendant's Reply, disclosed all his major surgeries and amended his PFS and CQ, and had disclosed all medical providers and facilities that have treated him for his legs, hips, and knees to the best of his recollection; (4) that Plaintiff had corrected his disclosures to include his smoking history and a fact witness list; and (5) that Plaintiff did not provide an estimate of medical expenses because he was not certain of the amounts and did not want to provide an erroneous figure, that Plaintiff's counsel "has requested records from providers that should substantiate [Plaintiff's] medical expenses and out of pocket costs," and that

5

Plaintiff "will provide a full response once he can be certain of its accuracy." Surreply ¶ 2 [Doc. No. 14-1].

Plaintiff further stated that he is not in possession of all medical records relating to his surgeries but that "[b]ecause Plaintiff has provided his authorization for medical record disclosure, and has now disclosed the relevant information needed to find these medical providers, Defendant will now be able to obtain these records of their own accord if needed." Id. ¶ 3.

### D. Discussion

Under Fed. R. Civ. P. 37(b) and (d), a party's failure to obey a court's discovery order, to serve answers to interrogatories, or to respond to a request for production of documents may be sanctioned. Potential sanctions include dismissal of the action and payment by the party and/or the attorney advising the party of Defendant's reasonable expenses, including attorney's fees, caused by the failure.

Plaintiff does not dispute his failure to timely provide a CQ and PFS, even after notice from Defendant. Plaintiff's only explanation for the failure was "inadvertence" by counsel. Furthermore, Plaintiff does not dispute that when Plaintiff eventually supplied Defendant with a CQ and PFS, these documents contained several inaccuracies and omissions. Nor does Plaintiff dispute that he failed to provide a copy of the operative report for his left hip revision surgery, which, as Defendant notes, "should have been reviewed before the case was filed." Reply at 6 [Doc. No. 13]. Plaintiff's Surreply does not state that Plaintiff has since provided the report to Defendant but instead maintains that Plaintiff has "requested" the report and, flippantly, that Defendant can "obtain these records of their own accord if needed." Surreply at 3-4 [Doc. No. 14-1].

Plaintiff's counsel's "inadvertence" does not excuse failing to gather and review the underlying facts and records before filing this action, failing to timely serve the CQ and PFS as

6

required by the court's order, failing to respond to Defense counsel's letter notifying Plaintiff's counsel of the missing CQ and PFS, and failing to serve, even in an incomplete form, a CQ or PFS before the 6:00 p.m. deadline for filing an opposition to Plaintiff's motion to dismiss. The assertion that Plaintiff continues to gather basic information underscores that counsel filed the action prematurely and without adequate investigation.

The court nonetheless finds dismissal <u>with prejudice</u> inappropriate, given that, based on the record before the court, it appears that counsel, rather than Plaintiffs, may be largely responsible for the failure to comply with court orders.

Accordingly, the court dismisses the claims of Plaintiffs Brook Stokes and Misty Stokes without prejudice. Plaintiffs may refile, but only with new counsel, after such counsel has engaged in the reasonable inquiry required under Fed. R. Civ. P. 11, including by obtaining and reviewing the revision surgery operative report.

Defendant may seek reasonable fees, including attorney's fees, caused by these discovery failures.

III.    <u>Conclusion</u>

For the foregoing reasons, Defendant's <u>Motion to Dismiss</u> [Doc. No. 5] is GRANTED, without prejudice to Plaintiffs initiating an action with new counsel, after such counsel has engaged in the reasonable inquiry required under Fed. R. Civ. P. 11, including by obtaining and reviewing the revision surgery operative report.

IT IS SO ORDERED.

Date: May 28, 2025                                                    /s/ Indira Talwani
                                                                      United States District Judge